UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| JOLEEN YOUNGERS, as personal representative of the wrongful death estate of I.G., a deceased minor child, M.G., A.G., and E.A., <br><br> Plaintiffs, <br><br> v. <br><br> TIKTOK INC. and BYTEDANCE INC., <br><br> Defendants. | CASE NO. _____ <br><br> **DEFENDANTS TIKTOK INC. AND BYTEDANCE INC.'S NOTICE OF REMOVAL** <br><br> ACTION FILED: August 9, 2022 <br><br> COMPLAINT SERVED: August 26, 2022 |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants TikTok Inc. and ByteDance Inc. (collectively, "TikTok" or "Defendants"), through undersigned counsel, hereby remove to the United States District Court for the District of New Mexico the above-entitled state court action, originally filed as Case No. D-101-CV-2022-01441 in the First Judicial District Court, Santa Fe County, State of New Mexico. Removal is proper on the following grounds:

**BACKGROUND**

1. On August 9, 2022, plaintiff Joleen Youngers, as personal representative of the wrongful death estate of I.G., a deceased minor child, and his parents and grandparent M.G., A.G., and E.A. (collectively, "Plaintiffs") filed a Complaint against TikTok in the First Judicial District Court of the State of New Mexico for the County of Santa Fe. A copy of the Complaint as obtained by TikTok is attached as **Exhibit 1**, and a copy of the state court docket is attached

as **Exhibit 2**.

2. Plaintiffs' lawsuit alleges that deceased minor child I.G. engaged in self harm after viewing one or more videos posted by other users on the TikTok app.

3. Plaintiffs served TikTok on August 26, 2022. This notice of removal is therefore timely pursuant to 28 U.S.C. § 1446(b), because it is filed within 30 days after service was completed. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). A copy of the notice evidencing service of process of the Complaint on Defendants is attached as **Exhibit 3**.

## VENUE AND JURISDICTION

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391, 1441(a), and 1446(a) because the First Judicial District Court of the State of New Mexico for the County of Santa Fe, where the Complaint was filed, is a state court within the United States District Court for the District of New Mexico.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because: (1) there is complete diversity between Plaintiff and Defendants, (2) the amount in controversy exceeds $75,000 exclusive of interests and costs, and (3) all other requirements for removal have been satisfied.

## BASIS OF REMOVAL

6. There is complete diversity of citizenship here because Plaintiffs are citizens of New Mexico, and Defendants are citizens of California and Delaware. The diversity requirement is satisfied where an action "is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3).

### A.   Plaintiffs Are Citizens Of New Mexico.

7.   Plaintiffs at all relevant times were citizens of New Mexico. *See* Compl. ¶ 12 ("I.G. was a minor resident of . . . New Mexico."); *see also Grasshopper Nat. Med., LLC v. Hartford Cas. Ins. Co.*, No. CIV 15-0338 JB/CEG, 2016 WL 4009834, at *2 n.2 (D.N.M. July 7, 2016) (permitting pleading of citizenship based on information and belief, and concluding that complete diversity requirements were satisfied); *accord Kingdom Life Church v. Guideone Specialty Mutual Insurance Company*, No. CIV-22-98-F, 2022 WL 348658, at *2 (W.D. Okla. Feb. 4, 2022) ("Defendant may provide the jurisdictional information regarding plaintiff based upon information and belief."). For diversity purposes, state citizenship requires the individual be domiciled in that state. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). A party's place of residence is prima facie evidence of domicile. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Moreover, for purposes of diversity jurisdiction, the personal representative of an estate has the same citizenship of the decedent. 28 U.S.C. § 1332(c)(2).

8.   Decedent I.G. was domiciled in, and therefore a citizen of, New Mexico. *See* Compl. ¶ 12; *see also id.* ¶ 2 (describing I.G. as "from New Mexico").

9.   On information and belief, Plaintiff and estate representative Joleen Youngers is domiciled in, and therefore a citizen of, New Mexico. *See* Compl. ¶ 13.

10.   Plaintiffs M.G., A.G., and E.A. are domiciled in, and therefore are citizens of, New Mexico. *See* Compl. ¶¶ 14–16.

### B.   Removing Defendants are Citizens of California and Delaware.

11.   For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

3

12. TikTok Inc. is a California corporation with its principal place of business in California. Compl. ¶ 17. TikTok is therefore a citizen of California under 28 U.S.C. § 1332(c)(1).

13. ByteDance Inc. is a Delaware corporation with its principal place of business in California. Compl. ¶ 19. ByteDance is therefore a citizen of Delaware and California under 28 U.S.C. § 1332(c)(1).

**C.    The Amount in Controversy Exceeds $75,000.**

14. Plaintiffs' claims satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

15. Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interests and costs." A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). TikTok takes no position as to which of the Complaint's allegations are admitted or denied at this time, reserves the right to deny the Complaint's factual allegations, and denies that Plaintiffs are entitled to any relief. However, based on the allegations in the Complaint, the amount in controversy exceeds $75,000.

16. The amount in controversy "is not 'the amount the plaintiff will recover,' but rather 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). If the plaintiff contests the defendant's allegation, a defendant must prove the "jurisdictional fact[] by a preponderance of the evidence," *id.* at 1247, which can be based on "an estimate of the potential damages from the allegations in the complaint," *McPhail*, 529 F.3d at 955.

17. Although Plaintiffs here do not pray for a specific damage amount, they allege that "[t]he amount in controversy in this case is in excess of $75,000." Compl. ¶ 30. "In a removal case," the defendant's burden to establish the amount in controversy requirement is "rather light" if "the sum claimed by the plaintiff exceeds the jurisdictional amount." *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999).

18. Here, Plaintiffs allege two types of damages that may be used in calculating the amount in controversy requirement: (i) compensatory damages and (ii) punitive damages.

19. Plaintiffs allege that they are entitled to compensatory damages for injuries, including physical, mental, and emotional pain and suffering; loss of enjoyment of life; medical expenses; wrongful death; and loss of consortium arising from the death of a minor child. Compl. ¶ 135. Courts have found similar allegations sufficient to satisfy the amount-in-controversy threshold. *See McPhail*, 529 F.3d at 957 (holding that defendant established the requisite amount in controversy because, even though plaintiff never pleaded a specific amount of damages, plaintiff's allegations of wrongful death and the nature of the damages sought supported a claim in excess of $75,000); *Jerry Erwin Assocs., Inc. v. Estate of Asher*, 290 F. Supp. 3d 1213 (D.N.M. 2017) ("It is difficult to imagine a wrongful death claim for less than $75,000."); *Nez v. United States*, 367 F. Supp. 3d 1245, 1271 (D.N.M. 2019) ("The Supreme Court of New Mexico has held that the Wrongful Death Act encompasses all damages that are fair and just." (internal quotation marks omitted)).

20. Further, Plaintiffs allege that TikTok's acts and omissions that allegedly caused harm to Plaintiffs were "malicious, reckless, willful, wanton, oppressive, and/or fraudulent." Compl. ¶ 137. "Punitive damages may [also] be considered in determining the requisite jurisdictional amount," *Woodmen of the World Life Ins. Soc. v. Manganaro*, 342 F.3d 1213, 1218

(10th Cir. 2003), and thus even if the alleged compensatory damages alone were insufficient to meet the amount-in-controversy threshold, Plaintiffs' punitive damages allegations makes it apparent that the jurisdictional minimum is met here, *see Haberman v. The Hartford Ins. Group*, 443 F.3d 1257, 1263 (10th Cir. 2006) (affirming punitive damages award of twenty-to-one).

21. Therefore, although TikTok denies that Plaintiffs are entitled to any damages or fees, for purposes of the amount-in-controversy requirement, the Complaint describes an amount in controversy exceeding $75,000.

**D.     The Court Has Jurisdiction and Removal Is Proper.**

22. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because: (a) this is a civil action within the meaning of Section 1332(a); (b) the parties are citizens of different states as required by § 1332(a)(1); (c) the amount in controversy exceeds $75,000 as required by § 1332(a); and (d) all other requirements for removal are met.  Accordingly, this action is properly removable under 28 U.S.C. § 1441.

23. The United States District Court for the District of New Mexico is the federal judicial district embracing the First Judicial District Court of the State of New Mexico, County of Santa Fe, where the suit was originally filed, rendering venue in this federal judicial district proper.  28 U.S.C. § 84(a); *see also* 28 U.S.C. § 1441(a).

24. Pursuant to 28 U.S.C. § 1446(d), Defendants will give written notice of the filing of this Notice of Removal to all parties of record in this matter, and will file a copy of this Notice with the clerk of the state court.

## CONCLUSION

25. Defendants TikTok Inc. and ByteDance Inc. therefore remove this action from the First Judicial District Court of the State of New Mexico, County of Santa Fe, to the United States

District Court for the District of New Mexico.

Dated: September 23, 2022

Respectfully submitted,

*/s/ Albert Giang /s/*
Albert Giang
California Bar No. 224332
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310
Email: agiang@kslaw.com

-and-

*/s/ Meghan D. Stanford*
Meghan D. Stanford
JACKSON LOMAN STANFORD DOWNEY & STEVENS-BLOCK, P.C.
201 Third Street, Suite 1500
Albuquerque, NM  87102
Phone: (505) 767-0577
Fax: (505) 242-9944
Email: meghan@jacksonlomanlaw.com

*Counsel for TikTok Inc. and ByteDance Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of September, 2022, I filed the foregoing **Notice of Removal** using CM/ECF which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Anthony K. Bruster
BRUSTER PLLC
680 N. Carroll Ave., Suite 110
Southlake, TX 76092
akbruster@brusterpllc.com

Justin R. Kaufman
Rosalind B. Bienvenu
DURHAM, PITTARD & SPALDING, LLP
505 Cerrillos Rd., Suite A209
Santa Fe, NM 87501
jkaufman@dpslawgroup.com
rbienvenu@dpslawgroup.com

*/s/ Meghan D. Stanford*
Meghan D. Stanford
*Counsel for TikTok Inc. and ByteDance Inc.*